UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADIL RAHMAN,<br><br>Defendant | Criminal No. 24cr10223<br><br>Violation:<br><br>Count One: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, ADIL RAHMAN, was a Canadian national who lived in Niagara Falls, New York and Mississauga, Ontario, Canada.

2. Beginning in or about September 2015, and continuing through in or about December 2023, RAHMAN was employed as credit analyst by "Company A", a subsidiary of a large electrical distribution and services company that had its headquarters in Pittsburgh, Pennsylvania. RAHMAN worked at Company A's offices in Ontario.

3. RAHMAN had personal bank accounts at the Royal Bank of Canada ("RBC Bank"), in both the United States and Canada, and at the Bank of Nova Scotia, in Canada.

4. Company B was a non-profit municipal corporation that provided regional water and sewerage services with its headquarters in Hartford, Connecticut. Company B was a customer of Company A.

5.      Company C was a privately held provider of corporate security systems with its headquarters in Andover, Massachusetts. Company C was a customer of Company A.

## Scheme to Defraud

6.      Beginning in or about November 2022 and continuing through in or about December 2023, RAHMAN directed clients of Company A, including at least Company B and Company C, to pay their invoices via ACH transfers in interstate commerce to an account at RBC Bank that RAHMAN personally controlled. To conceal his fraud, RAHMAN altered Company A's books and records by misapplying other customers' payments to the accounts of Company B and Company C.

7.      As part of the scheme, on or about November 16, 2022, RAHMAN sent the following email to the accounts payable department of Company B asking if the company would be interested in paying future invoices by ACH transfer rather than by check:

> From: Rahman, Adil
> Sent: Wednesday, November 16, 2022 1:18 PM
> To:
> Subject: RE: URGENT - Invoices Owing
>
> Notice: This email message originated from outside of the    Do not open attachments, click links or reply to this email unless you recognize the sender and know for certain that the content is safe. Please forward this email to              Helpdesk if you believe it is suspicious.
>
> Hi
>
> I will work on pulling up those invoice copies.
>
> Also, I noticed you are sending payments via check. Are you able to switch to electronic payments via ACH/wire as that allows us to receive payments faster?
>
> Adil Rahman
> Credit Analyst

2

8.      A representative of Company B responded by asking RAHMAN to fill out a form with the information required to set up ACH transfers.

9.      RAHMAN completed the form by providing information for his personal account at RBC Bank in the United States, and by listing his personal address in Niagara Falls, New York as the purported office address for Company A.

10.     Thereafter, between on or about December 21, 2022 and on or about March 8, 2023, Company B made at least 10 separate ACH transfers, totaling more than $524,000, to RAHMAN's personal account at RBC Bank, as set forth below:

| Date of Transfer | Amount |
|---|---|
| December 21, 2022 | $2,452.15 |
| January 4 2023 | $124.35 |
| January 11, 2023 | $3,297.85 |
| January 18, 2023 | $71,684.50 |
| January 25, 2023 | $157,008.15 |
| February 1, 2023 | $28, 297.80 |
| February 15, 2023 | $1,945.20 |
| February 22, 2023 | $216.30 |
| March 1, 2023 | $253,913.35 |
| March 8, 2023 | $5,789.00 |

11.     On or about March 10, 2023, RAHMAN directed Company B to make payments to a different bank account, which actually belonged to Company A.  Thereafter, however, on or about May 5, 2023, RAHMAN again emailed a Company B employee purported "updated ACH information." RAHMAN attached to the email a form directing Company B to again make ACH transfers to the RBC Bank account he controlled, and listing his personal address in Niagara Falls, New York as the purported office address for Company A.

12. Between on or about May 31, 2023 and on or about June 28, 2023, Company B made at least five additional ACH transfers, totaling more than $44,000, to RAHMAN's personal account at RBC Bank, as set forth below:

| Date of Transfer | Amount |
|---|---|
| May 31, 2023 | $3,158.35 |
| June 7, 2023 | $39,534.70 |
| June 14, 2023 | $198.80 |
| June 21, 2023 | $1,649.20 |
| June 28, 2023 | $218.40 |

13. On or about May 5, 2023—the same day that he emailed a Company B employee purported "updated ACH information" identifying his personal bank account as the purported account of Company A—RAHMAN sent the following email to the accounts payable department of Company C, asking if it would be interested in paying future invoices by ACH transfer rather than by check:



14. A representative of Company C responded by asking RAHMAN to send the information required to pay its bills by ACH transfer.

15.     On or about May 8, 2023, RAHMAN responded, "Please find attached our ACH information." Once again, the attached document, this time on Company A letterhead, provided account information for his personal account at RBC Bank.

16.     Thereafter, an accounts payable representative at Company C's office in Andover, Massachusetts, made 11 ACH transfers, totaling more than $904,000, to RAHMAN's personal account at RBC Bank, as set forth below.

| Date of Transfer | Amount |
|---|---|
| May 10, 2023 | $238,091.87 |
| May 19, 2023 | $55,311.80 |
| June 1, 2023 | $100,253.61 |
| June 2, 2023 | $21,911.29 |
| June 5, 2023 | $70,658.04 |
| June 7, 2023 | $228,736.86 |
| June 14, 2023 | $5,170.15 |
| June 21, 2023 | $94,141.01 |
| July 6, 2023 | $43,777.51 |
| July 12, 2023 | $21,650.46 |
| July 19, 2023 | $24,718.80 |

17.     RAHMAN transferred the bulk of the money he had fraudulently directed Company B and Company C to send to him from his U.S. account at RBC Bank to his Canadian account at the bank. On or about July 19, 2023, RAHMAN also wired approximately $65,000 of the fraud proceeds to an account in his name at the Bank of Nova Scotia.

18.     In an effort to cover up his fraud, RAHMAN caused at least ten payments from other Company A customers—totaling more than $1.5 million—to be improperly credited in Company A's books and records to the accounts of Company B and Company C.

<u>COUNT ONE</u>
Wire Fraud
(18 U.S.C. § 1343)

The Acting U.S. Attorney charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 18 of this Information.

20. On or about May 10, 2023, in the District of Massachusetts and elsewhere, the defendant,

ADIL RAHMAN,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit: a payment of $238,091.87, which an employee of Company C, in Andover, Massachusetts, caused to be sent, via ACH transfer, to RAHMAN's account at RBC Bank in North Carolina.

All in violation of Title 18, United State Code, Section 1343.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Acting United States Attorney further alleges:

21. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

ADIL RAHMAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. $1,473,909.50, to be entered in the form of a forfeiture money judgment;

22. If any of the property described in Paragraph 21, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 21 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY


By: */s/ Stephen E. Frank*
Stephen E. Frank
Assistant United States Attorney
District of Massachusetts