IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:24-cr-10223-WGY |
| | ) | |
| ADIL RAHMAN | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The government, by and through its undersigned counsel, hereby submits this Sentencing Memorandum as to defendant Adil Rahman (the "defendant"). For the reasons set forth herein and to be discussed at the sentencing, the government respectfully recommends that the Court sentence the defendant to a term of imprisonment of 27 months, followed by two years of supervised release, as well as restitution and forfeiture  The government submits that its recommended sentence is sufficient but not greater than necessary to achieve the goals of sentencing articulated in 18 U.S.C. § 3553(a)(2).

On September 10, 2024, the defendant pled guilty to an Information charging him with one count of Wire Fraud, in violation of 18 U.S.C. § 1343. He is scheduled to appear for sentencing on December 10, 2024.

**I.     BACKGROUND REGARDING THE GUIDELINES RANGE AND OFFENSE CONDUCT**

Probation has accurately calculated the defendant's Guidelines Sentencing Range ("GSR") as 27-33 months imprisonment. Presentence Investigation Report ("PSR") ¶ 70.  Probation correctly calculated the defendant's Total Offense Level as 18.  *Id.*  ¶¶ 30-40. This calculation includes the following specific offense characteristics, loss of more than $550,000 but not more

1

than $1,500,000 (§ 2B1.1(b)(1)(H)) and a substantial part of the fraudulent scheme was committed outside of the United States (§ 2B1.1.(b)(10(B)).

The defendant mistakenly disputes the application of the § 2B1.1.(b)(10(B) enhancement. Since the Sentencing Guidelines do not define "substantial," Courts should look to the dictionary definition, which explains that substantial is "an essential part, point or feature." *United States v. Ogunbanke*, 619 Fed.Appx. 586, 587 (9th Cir. 2015). Notably, the "enhancement only requires that a *substantial* part of the scheme be committed from outside the United States, not that all of the scheme occurred outside the United States or that the scheme originated outside the United States." *United States v. Luton*, 2022 WL 2764202, at 4 (11th Cir. 2022).

Here, it is undisputed that the defendant committed the entire embezzlement scheme while living and working outside the United States in Canada. Among other things, *while living and working in Canada*, the defendant contacted the fraud victims, directed the victims to send money to his personal bank accounts, and tampered with his company's books and records. Moreover, after the victims wired the money to bank accounts under the defendant's control in the United States, the defendant then transferred the bulk of the fraudulent proceeds to his personal bank account *in Canada*. These facts clearly establish that the defendant committed a substantial part of the scheme abroad and that the Court, as found by Probation, should apply the § 2B1.1.(b)(10(B) enhancement. *See also*, *United States v. O'Keefe* 208 Fed.Appx 126, 2006 WL 370874, at 4 (3rd Cir. 2006) (in a telemarketing fraud conspiracy, Court correctly applied the enhancement where the defendant, a Canadian resident, received fraud proceeds from the United States).

## II.     DISCUSSION OF THE 3553(A) FACTORS

The government is recommending a sentence of 27 months imprisonment, which is at the low end of the GSR. This sentence is appropriate based upon the factors outlined in 18 U.S.C. §

3553(a), namely, the history and characteristics of the Defendant, the nature and seriousness of the offense, the need to provide just punishment, and the need to provide specific and general deterrence.

***Nature, Circumstances, and Seriousness of the Offense***

The government's recommendation appropriately reflects the nature and seriousness of the offense. *See* 18 U.S.C. § 3553(a)(2)(A). The defendant willfully took part in this roughly nine-month fraud scheme and stole more than $1.4 million from his former employer. In all, the during this time, the defendant received roughly 26 separate ACH transfers from two different victims.

This embezzlement scheme required several deliberate steps by the defendant. Among other things, the defendant (1) sent fraudulent emails to existing clients of his company directing them to send ACH transfers to accounts under his control, (2) falsely filled out ACH transfer forms provided by the victims, (3) transferred funds from his bank accounts in the United States to his bank accounts in Canada, and (4) attempted to cover up his fraud by doctoring his company's books and records.

In short, over several months, the defendant took several repeated steps to steal as much money as he could without getting caught.

***History and Characteristics of the Defendant***

The Defendant's history and characteristics, as set forth in the PSR, support the government's sentencing recommendation. The defendant comes from a stable home and enjoys close family relationships. PSR ¶¶ 49-53. He continues to live with his supportive family. *Id.* ¶ 53. The defendant also has a college degree from a top-ranked university and previously worked as a credit analyst for ten years. *Id.* ¶¶ 63, 65. However, despite this support system and

educational as well as professional success, the defendant *chose* to commit this long-running fraud and to brazenly steal more than $1.4 million from his former employer.

To his credit, the defendant has accepted responsibility for his crimes. He was never charged by criminal compliant or indictment. He understood that what he did was wrong and chose to plead guilty. The defendant's early acceptance of responsibility warrants the bottom of the guidelines sentence recommended by the government.

### *Need to Avoid Unwanted Sentencing Disparities*

There have been several recent embezzlement cases in this District, and the government's recommended sentence falls within the range of sentences imposed in these cases. *See e.g., United States v. Bhambi,* 23-CR-10079-FDS (former pharmaceutical executive received a 46 month sentence for stealing roughly $2.5 million); *United States v. Legassa,* 22-CR-10038-IT (post-trial, former media executive received a 42 month sentence for stealing more than $500,000); *United States v. Crater* 22-CR-102773-PBS (bank teller received a 21 month sentence for stealing $430,000 from her employer; defendant used some of the money to support her drug addicted son get into a rehabilitation program); *United States v. Levy,* 21-CR-10006-DPW (employee of Dunkin' franchise received a 32 month sentence for stealing roughly $1.3 million); and *United States v. Howland*, 21-CR-10002-DJC (employee of seafood company received an 18 month sentence for stealing just under $600,000; defendant had a gambling addiction and was a single mother to a 13-year old son with behavioral issues).

Of course, the circumstances of every case are different, and each defendant must be assessed independently. The government recognizes that for this reason, case comparisons are inherently imperfect, but notes that given the facts and circumstances in this case, including the large amount of money stolen by the defendant, the government's recommended sentence of 27

4

months imprisonment is appropriate.

***Need to Promote Respect for the Law, Just Punishment, and Adequate Deterrence***

Finally, the government's recommended sentence will also promote general deterrence. The Court must fashion a sentence for the defendant that deters others from committing similar crimes. *United States v. Prosperi*, 686 F.3d 32, 47 (1st Cir. 2012) ("We have previously emphasized the importance of general deterrence in white-collar crime."). The need for general deterrence in embezzlement cases is simple: "[b]ecause economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity' these crimes are 'prime candidates for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting Stephanos Bibas, White–Collar Plea Bargaining and Sentencing After Booker, 47 Wm. & Mary L.Rev. 721, 724 (2005)). And general deterrence is particularly important in this case given the duration of the scheme and the amount of money involved. The government's recommended sentence sends the appropriate message that those who take part in large scale embezzlement schemes will go to prison.

### III. CONCLUSION

For these reasons and those to be discussed at the sentencing hearing, the Government recommends that the Court sentence the Defendant to 27 months imprisonment and 24 months of supervised release.

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

By: /s/ Benjamin A. Saltzman
Benjamin A. Saltzman
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I, Benjamin A. Saltzman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      /s/ *Benjamin A. Saltzman*
      Benjamin A. Saltzman
      Assistant United States Attorney